UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SEVEN RESORTS,

      Plaintiff,

v.

UNITED STATES, et al.,

      Defendants.

2:12-CV-466 JCM (GWF)

**ORDER**

Presently before the court is defendant Echo Bay Marina, LLC's ("Echo Bay Marina") motion to dismiss. (Doc. #18). Plaintiff Seven Resorts, Inc. ("Seven Resorts") filed an opposition. (Doc. #32). Echo Bay Marina then filed a reply. (Doc. #42). Also before the court is defendants United States of America and Ken Salazar's ("federal defendants") motion to dismiss. (Doc. #28). Seven Resorts filed an opposition (doc. #33), to which federal defendants filed a reply (doc. #37).

Seven Resorts originally filed this suit in the United States District Court for the District of Columbia against federal defendants. (Doc. #1). Seven Resorts then filed an amended complaint on October 4, 2011, to add Echo Bay Marina as a defendant. (Doc. #12). Echo Bay Marina filed a motion to dismiss, arguing that: (1) the federal court in the District of Columbia lacked personal and subject-matter jurisdiction over Echo Bay Marina; and (2) the amended complaint failed to state a claim upon which relief could be granted. (Doc. #18). Seven Resorts then filed a motion to transfer the case to this district (doc. #24), which was granted on March 6, 2012 (doc. #25).

. . .

**James C. Mahan**
**U.S. District Judge**

After the transfer, federal defendants filed their motion to dismiss. (Doc. #28). The following issues are now before the court: (1) whether this court has subject-matter jurisdiction over Echo Bay Marina and federal defendants; and (2) whether the complaint states a claim upon which relief can be granted against Echo Bay Marina. (Docs. #18 and #28).

**Factual background**

This case involves a dispute over payment for Seven Resorts' possessory interest in structures and improvements in the Lake Mead National Recreation Area ("Lake Mead NRA"). (Doc. #12). Seven Resorts is the assignee of concessions contract number CC-LAME010-71, which permitted Seven Resorts to provide lodging and marina facilities and services to the public at the Echo Bay site within the Lake Mead NRA. (Doc. #12).

Pursuant to this contract, if Seven Resorts later became unauthorized to conduct operations at Echo Bay, Seven Resorts was entitled to be compensated for the value of its possessory interest in structures and improvements. (Doc. #12). Seven Resorts was contractually required to sell and transfer its possessory interest to its successor at Echo Bay. In the event Seven Resorts and its successor could not agree on a value of the possessory interest, section 12(a)(1) of the contract specifies a mechanism for choosing a board of three arbitrators to settle the fair value of the possessory interest. (Doc. #12).

The National Park Service terminated Seven Resorts' authorization to operate at Echo Bay, effective January 31, 2010. (Doc. #12). Further, the National Park Service entered into a three year temporary concessions agreement with Echo Bay Marina to provide services at the Echo Bay site. The contract between Echo Bay Marina and the National Park Service requires Echo Bay Marina to purchase Seven Resorts' possessory interest in capital improvements at Echo Bay and to pay Seven Resorts in the amount and manner described in the contract between Seven Resorts and the National Park Service. (Doc. #18, Ex. 1). The contract also provides that the National Park Service will compensate Echo Bay Marina for the value of the prior possessory interest that Echo Bay Marina will pay to Seven Resorts. (Doc. #18, Ex. 1). Finally, the contract gives the director of the National Park Service authority to assist in the fair value dispute process between Echo Bay Marina and Seven

James C. Mahan
U.S. District Judge

- 2 -

Resorts. (Doc. #18, Ex. 1).

Seven Resorts began to negotiate with Echo Bay Marina on the fair value of its possessory interest. (Doc. #12). In April 2010, pursuant to the Echo Bay Marina contract, the National Park Service began to negotiate directly with Seven Resorts about the fair value of Seven Resorts' possessory interest. (Doc. #12). Echo Bay Marina subsequently withdrew from the fair value negotiations, and requested that Seven Resorts work with the National Park Service as Echo Bay Marina's representative in the fair value negotiations. (Doc. #12).

The negotiations between Seven Resorts and the National Park Service broke down, and Seven Resorts communicated its intent to begin arbitration proceedings pursuant to section 12(a)(1) of the Seven Resorts contract. (Doc. #12). Both Seven Resorts and the National Park Service named members to the arbitration board. (Doc. #12). The complaint alleges that the National Park Service refused to sign an engagement letter with the third member of the arbitration board. (Doc. #12). Accordingly, the arbitration could not go forward, and Seven Resorts filed the instant lawsuit, seeking to enforce the arbitration agreement in the concessions contract. (Doc. #12).

The complaint consists of one claim, asserting that Echo Bay Marina and the National Park Service have breached the concessions contracts and violated the Federal Arbitration Act, 9 U.S.C. § 4 ("FAA"). (Doc. #12). Seven Resorts further requests the following relief: (1) order that the arbitration board has been properly established pursuant to section 12(a)(1) of the Seven Resorts contract; and (2) order that Echo Bay Marina and federal defendants are required to subject themselves to binding arbitration pursuant to 9 U.S.C. §§ 2, 4. (Doc. #12).

I.     **Motions to dismiss for lack of subject-matter jurisdiction**

Both Echo Bay Marina and the federal defendants have moved to dismiss the instant case for lack of subject-matter jurisdiction. (Docs. #18 and #28). The complaint asserts that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, the FAA, 9 U.S.C. § 4, and the Declaratory Judgment Act, 28 U.S.C. § 2201. (Doc. #12).

Although both motions assert this court lacks subject-matter jurisdiction, the legal argument underlying each motion is distinct. Thus, the court addresses the motions in turn.

**James C. Mahan**
**U.S. District Judge**

- 3 -

### A. Echo Bay Marina's motion (doc. #18)

Echo Bay Marina argues that this court lacks subject-matter jurisdiction to adjudicate any claim against Echo Bay Marina in this action. (Doc. #18). Echo Bay Marina first notes that neither the Declaratory Judgment Act nor the FAA confers an independent basis for subject-matter jurisdiction on this court. (Doc. #18). Thus, Echo Bay Marina argues that this court has subject-matter jurisdiction only if this lawsuit arises under federal question jurisdiction, 28 U.S.C. § 1331. (Doc. #18). Echo Bay Marina asserts that the instant lawsuit seeks to remedy an alleged violation or breach of contract, and a breach of contract action is insufficient to present a federal question. (Doc. #18).

Seven Resorts responds that the underlying substantive controversy is a disagreement over the proper way to determine Seven Resorts' possessory interest pursuant to the terms of a federal contract and applicable federal law. (Doc. #32). Thus, Seven Resorts argues that this case involves substantial questions of federal law, and this court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. #32).

Neither the Declaratory Judgment Act nor the FAA confers an independent basis for subject-matter jurisdiction. *See Vaden v. Discovery Bank*, 556 U.S. 49, 70 n.19 (2009) (stating that "the Declaratory Judgement Act does not enlarge the jurisdiction of the federal courts; it is procedural only") (internal quotations omitted); *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008) (finding that the FAA "bestow[s] no federal jurisdiction but rather requir[es] an independent jurisdictional basis").

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In an action to compel arbitration pursuant to the FAA, 9 U.S.C. § 4, the court "should determine its jurisdiction by 'looking through' a § 4 petition to the parties' underlying substantive controversy." *Vaden*, 556 U.S. at 62.

The court looks through Seven Resorts' § 4 petition to see whether the parties' substantive controversy provides this court with federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Vaden*, 556 U.S. at 62. Here, although the complaint seeks to compel arbitration, the substantive

**James C. Mahan**
**U.S. District Judge**

- 4 -

conflict between Echo Bay Marina and Seven Resorts is the proper valuation of Seven Resorts' possessory interest. *See id*. at 63 n.13 (stating that the "parties' underlying dispute may or may not be the subject of pending litigation. This explains § 4's use of the conditional 'would' and the indefinite 'a suit.'").

The question of the value of Seven Resorts' possessory interest "implicate[s] significant federal issues." *Grable & Sons Metal Products, Inc v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). The value of Seven Resorts' possessory interest involves interpretation of federal concessions statutes, federal regulations, and contracts between the United States, Echo Bay Marina, and Seven Resorts. Further, this issue addresses the value of federally owned structures and improvements which are located on federal lands administered by the National Park Service.

Thus, after "looking through" the § 4 petition, the court finds that federal question jurisdiction exists over the substantive controversy between Echo Bay Marina and Seven Resorts. *See Hamilton Stores, Inc. v. Hodel*, 925 F.2d 1272, 1279 (10th Cir. 1991); *see also Smith v. Central Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1034 (9th Cir. 2005) (stating that "[f]ederal law governs the interpretation of contracts entered into pursuant to federal law and to which the government is a party"); *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1484 (9th Cir. 1985). Accordingly, the court declines to grant Echo Bay Marina's motion to dismiss for lack of subject-matter jurisdiction.

**B.     Federal defendants' motion (doc. #28)**

Federal defendants' motion to dismiss asserts that this court lacks subject-matter jurisdiction over the claim against the federal defendants. (Doc. #28). Instead, federal defendants argue that, pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), the only federal court with original jurisdiction over the claim against federal defendants is the Court of Federal Claims. (Doc. #28).

A federal district court has jurisdiction over a claim against the United States when: (1) there is a statutory waiver of sovereign immunity, and (2) there is a statute vesting the district court with subject-matter jurisdiction. *Park Place Associates, Ltd.*, 563 F.3d at 923-24.

James C. Mahan
U.S. District Judge

- 5 -

The Tucker Act, 28 U.S.C. § 1491(a)(1) grants subject-matter jurisdiction to the United States Court of Federal Claims "to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States . . . ." The Court of Federal Claims possesses exclusive jurisdiction over "claims arising under the Tucker Act in excess of $10,000 . . . ." *United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 927 (9th Cir. 2009). In this case, Seven Resorts values its possessory interest in excess of $1.5 million. (Doc. #12, ¶¶ 32-33).

"Whether the district court has jurisdiction . . . depends on whether [plaintiff's] claims are contractually- or statutorily-based; if contractually-based, there is no jurisdiction." *Tucson Airport Authority v. General Dynamics Corporation*, 136 F.3d 641, 646 (9th Cir. 1998). The "source of the rights upon which the plaintiff bases its claim" determines whether the claim is statutorily- or contractually-based. *N. Star Alaska v. United States*, 14 F.3d 36, 37 (9th Cir. 1994). "An action under the FAA is an action in contract to enforce the arbitration provision." *Park Place Associates, Ltd.*, 563 F.3d at 919.

Based on the plain language of the complaint, this court does not have jurisdiction over the claim against federal defendants because the claim is "contractually-based." *See Tucson Airport Authority*, 136 F.3d at 646. The complaint does not allege that federal defendants have violated any federal statutes or regulations other than the FAA. (*See* Doc. #12). Instead, the complaint asserts that federal defendants breached the concessions contract when they failed to arbitrate. (Doc. #12).

Further, the complaint asserts that Seven Resorts' concessions contract and the FAA are the source of federal defendants' legal obligations. (Doc. #12, ¶ 58). An action to enforce an arbitration agreement pursuant to the FAA is an action in contract. *Park Place Associates, Ltd.*, 563 F.3d at 919. Thus, the claim against the federal defendants, as articulated in the complaint, is contractually-based, and this court does not have jurisdiction over the claim against federal defendants.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

## II.  Echo Bay Marina's motion to dismiss for failure to state a claim upon which relief can be granted

Because the court finds that it has subject-matter jurisdiction over Echo Bay Marina, the court must also address Echo Bay Marina's motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. #18). Echo Bay Marina asserts that it is not a signatory to the Seven Resorts concessions contract and cannot, therefore, be compelled to arbitrate pursuant to that contract. Further, Echo Bay Marina argues that the complaint fails to set forth any facts showing that Echo Bay Marina breached a contractual duty to Seven Resorts.

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

This court's role under the FAA is limited to determining: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

. . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

Here, the complaint fails to contain sufficient factual matter to establish that a valid agreement to arbitrate exists between Seven Resorts and Echo Bay Marina. *See Iqbal*, 129 S.Ct. at 1949. Instead, the factual allegations in the complaint involve Seven Resorts' concessions contract with the United States. Echo Bay Marina is not a signatory to this contract, and the complaint does not include sufficient factual matter to establish that Echo Bay Marina is liable pursuant to this concessions contract. (Doc. #12). Therefore, the complaint fails to state a claim upon which relief can be granted against Echo Bay Marina.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Echo Bay Marina, LLC's motion to dismiss for failure to state a claim upon which relief can be granted (doc. #18) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants United States of America and Ken Salazar's motion to dismiss for lack of jurisdiction (doc. #28) be, and the same hereby is, GRANTED.

DATED July 30, 2012.

UNITED STATES DISTRICT JUDGE